**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JERMAINE KENYATTA COLEMAN**                                     **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:16-cv-60-KS-MTP**

**LARON SMITH**                                                                    **DEFENDANT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the F.R.C.P. 12(b)(6) Motion to Dismiss Due to Absolute Immunity [20] filed July 18, 2016, by Defendant Laron Smith, who is an employee of the City of Hattiesburg Police Department. To date, Plaintiff has not filed a response, and the response is long overdue. The Court, having considered the Motion, the pleadings on file, and relevant legal authorities, recommends that Defendant's F.R.C.P. 12(b)(6) Motion to Dismiss Due to Absolute Immunity [20] be granted, and that Plaintiff's Complaint [1] should be denied and dismissed with prejudice for failure to state a claim.

**BACKGROUND**

On May 3, 2016, Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983, claiming his Constitutional rights were violated by Defendant Smith. Plaintiff clarified his complaint in further filings by stating that he "came to jail [on] 3/14/16 . . . for va[n]dalism." *See* Responses [12, 14]. According to Plaintiff, on March 18, 2016, Judge Evans[1] fined Plaintiff $1,500.00 with three days in jail for vandalism. *Id.* Plaintiff was informed on March 22, 2016, by Defendant Smith that he was the detective on the case and that the Plaintiff's charge had been changed to auto burglary. *Id.* On March 23, 2016, Judge Evans allegedly set Plaintiff's bond at $20,000.00. *Id.* Plaintiff asserts that Defendant Smith lied under oath on April 22, 2016, when he was

---

[1] Plaintiff originally named Judge Evans was a defendant, but the Court dismissed Judge Evans by Order [15] due to Judicial Immunity.

1

questioned at Plaintiff's preliminary hearing. *Id.* Defendant Smith filed the instant Motion [20] on July 18, 2016, seeking absolute immunity from liability.

## DISCUSSION

Plaintiff alleges that during a preliminary hearing Defendant Smith lied under oath and gave perjured testimony. It is a "well-established rule that prosecutors and witnesses, including police officers, have absolute immunity for their testimony at trial." *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003). "Witnesses, including police officers, are also shielded by absolute immunity from liability for their allegedly perjurious testimony." *Enlow v. Tishomingo Cty.,Miss.*, 962 F.2d 501, 511 (5th Cir.1992).

> When a police officer appears as a witness, he may reasonably be viewed as acting like any other witness sworn to tell the truth-in which event he can make a strong claim to witness immunity; alternatively, he may be regarded as an official performing a critical role in the judicial process, in which event he may seek the benefit afforded to other governmental participants in the same proceeding. Nothing in the language of [42 U.S.C. § 1983] suggests that such a witness belongs in a narrow, special category lacking protection against damages suits. Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses. Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties.

*Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983); *see also Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994)(immunity for testimony given at preliminary hearing); *Evans v. Parker*, 41 F.3d 663 (5th Cir. 1994); *Meyer v. Weeks*, 990 F.2d 626, 626 (5th Cir.1993); *Whitfield v. City of Ridgeland*, 2013 WL 6632092 (S.D. Miss. Dec. 17, 2013).

"[U]nder the common law, any person involved in [judicial] proceedings, whether a party, witness, counsel, or judge is accorded absolute immunity so long as the statements made or documents filed are reasonably related to the judicial inquiry." *Raju v. Boylen*, 2005 WL 1362960 (S.D. Miss. June 3, 2005), *aff'd*, 169 F. App'x 382 (5th Cir. 2006) (citations omitted).

Defendant testified as a witness at Plaintiff's preliminary hearing. Pursuant to established legal precedent, he is entitled to immunity for Plaintiff's claims asserted pursuant to 42 U.S.C. §1983. Plaintiff has failed to state a claim on which relief can be granted, and this case should be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the F.R.C.P. 12(b)(6) Motion to Dismiss [20] filed by Defendant Laron Smith be granted, that Plaintiff's Complaint [1] be dismissed with prejudice for failure to state a claim, and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of September, 2016.

s/ Michael T. Parker<br>United States Magistrate Judge